**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **PAVLO HOLOVINOV** | : | **CIVIL ACTION** |
| | : | |
| | : | |
| **v.** | : | **NO. 26-3241** |
| | : | |
| **J.L. JAMISON,** *et al.* | : | |
| | : | |

**MEMORANDUM**

**Henry, J.**                                                                                                 **May 15, 2026**

Pavlo Holovinov is one of many who have recently been detained by immigration authorities under the purported authority of Immigration and Nationality Act (INA) § 235, *codified at* 8 U.S.C. § 1225. Respondents argue that this statute, properly interpreted, permits them to treat an immigrant who was not inspected upon arrival in the country as "seeking admission," no matter how long ago that arrival occurred. This distinction deprives a detainee like Holovinov of any hearing at which he could try to prove that he should be released on bond. Because I join the analysis of hundreds of other decisions in recent months rejecting the BIA's analysis, and because I am not persuaded or bound by the contrary appellate authority, I grant Holovinov's petition for a writ of habeas corpus and order his immediate release, subject to possible later rearrest.

## I.   BACKGROUND

On May 12, 2026, Holovinov filed a petition for a writ of habeas corpus. He is detained in the Philadelphia Federal Detention Center (FDC) by Respondents, after being arrested by DHS officials on May 11, 2026, after they pulled him over in his car.  ECF No. 1 at ¶¶ 22-23. Holovinov is a citizen of Ukraine and entered the United States on March 8, 2024 and was paroled under the Uniting for Ukraine Program.  *Id.* at ¶ 17.  He has filed an application to renew his parole, which

1

remains pending.  *Id.*  Because Holovinov is detained under the mandatory detention provision of 8 U.S.C. § 1225, Respondents have determined that he will not be permitted a bond hearing.

## II.    DISCUSSION

As Respondents acknowledge, "the case turns principally on the threshold question of statutory interpretation" regarding the immigration detention statutes. ECF No. 5 at 5. The question resolves into arguments about interpreting Section 1225, which may also touch on the Constitution's Due Process Clause as well as immigration regulations. The issue has been considered directly by three appellate courts. *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 502 (5th Cir. Feb. 6, 2026) (agreeing with the government's position); *Avila v. Bondi*, No. 25-3248, 2026 WL 819258, at *3 (8th Cir. Mar. 25, 2026) (agreeing with the government's position); *Cunha v. Freden*, No. 25-3141, 2026 WL 1146044 (2nd Cir. Apr. 28, 2026) (rejecting the government's position). *Castañon-Nava v. U.S. Dep't of Homeland Sec.*, No. 25-3050, 2026 WL 1223250, at *21 (7th Cir. May 5, 2026) (rejecting the government's position in a split opinion). The Court of Appeals for the Third Circuit, whose decisions bind this Court, has before it appeals of the same issue, *Lopes De Andrade v. Dir. Philadelphia Field Off. Immigr. & Customs Enf't, et al.*, No. 26-1454 (3d Cir.), which was argued on May 11, 2026.

The question here: Is Holovinov properly detained under the mandatory detention provisions in 8 U.S.C. § 1225? According to Respondents, this detention falls within the ambit of § 1225(b)(2)(A): "[I]n the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien *seeking admission* is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained . . ." (emphasis added). Respondents claim that Holovinov was "seeking admission" under this section, although he had been in the country since 2024 and was detained in May of 2026. This reading suffers from several textual problems. First, it is not a plain reading of the text, since it would be strange to say that Holovinov seeks to be

2

"admitted" to a place he had already entered. *Kashranov v. Jamison*, No. 25-cv-5555, 2025 WL 3188399, at *6-7 (E.D. Pa. Nov. 14, 2025).[1] Next, it threatens to make meaningless the concurrent requirement that the same "alien *seeking* admission" be an "*applicant* for admission." *Demirel v. Fed. Det. Ctr. Philadelphia*, No. 25-cv-5488, 2025 WL 3218243, at *4 (E.D. Pa. Nov. 18, 2025); *accord Buenrostro-Mendez*, 2026 WL 32330, at *12 (Douglas, J., dissenting). It would similarly make Congress's recent enactment of the Laken Riley Act, Pub. L. No. 119-1, 139 Stat. 3 (2025), which separately expanded mandatory detention, "beside the point." *Demirel*, 2025 WL 3218243, at *4 (citing *Stone v. I.N.S.*, 514 U.S. 386, 397 (1995)). *But see Buenrostro-Mendez*, 2026 WL 323330, at *4 (offering alternative analysis of effect of Laken Riley Act). And it would seem to contravene the Supreme Court's own interpretation of the function of these statutes. *See Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018) ("law authorizes the Government to detain certain *aliens seeking admission* into the country under §§ 1225(b)(1) and (b)(2) [and] to detain certain *aliens already in the country* pending the outcome of removal proceedings under §§ 1226(a) and (c)").

Where this Court has spoken over 300 times on the matter in the past several months, and where I have spoken numerous times myself without any internal contradiction of which I am aware, I think a deeper giving of reasons would be merely cumulative. Because I find the statutory arguments sufficient to hold Holovinov's present detention unlawful, I need not reach constitutional or regulatory arguments.

---

[1] Respondents make the argument that, since Holovinov's parole has expired, his status is returned to one "seeking admission" into the United States. I join my colleagues who have held that individuals paroled into the country whose parole later expired are not considered "seeking admission" under the meaning of § 1225(b)(2)(A). *See, e.g.*, *Piurbeev v. Rose, et al.*, No. 26-cv-910, at 5 (E.D. Pa. Feb. 23, 2026) (Hodge, J.) ("[T]he grant of discretionary parole and [Petitioner's] release from the CBP custody in January 2023 makes it so that he is no longer 'seeking admission' within the meaning of § 1225(b). He therefore cannot be detained absent a bond hearing."); *Olimov v. Jamison*, No. 26-cv-532, at 14 (E.D. Pa. Mar. 3, 2026) (Wolson, J.) ("[The government's] construction would leave aliens who present at a port of entry and are granted parole in a worse position than aliens who cross the border without permission and evade detection for many years. Indeed, the latter would be entitled to a bond hearing upon detention, whereas parolees like [Petitioner] would not."); *Lotero Cano v. Jamison*, No. 26-cv-1140, at 1 (E.D. Pa. Mar. 3, 2026) (Scott, J.) ("Notwithstanding the specific factual context of an individual's entry into the United States and subsequent detention under 8 U.S.C. § 1225(b)(2)(A), the issue here is one of statutory interpretation.").

Respondents do not argue that Holovinov is presently detained pursuant to both § 1226 and § 1225. Section 1226 permits detention but would generally permit the detainee to seek bond. The government has occasionally and recently argued that these two sections cover non-overlapping groups of detainees. *See Demirel*, 2025 WL 3218243, at \*5. Since Holovinov has not had a bond hearing, even if I were to hold that he is detained pursuant to § 1226, his detention without a bond hearing would be unlawful.

## III.   <u>CONCLUSION</u>

For the reasons given above, Holovinov's present detention under § 1225 is unlawful, and he must be released. I will issue an order granting him a bond hearing upon any future detention under § 1226.